UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                           :

UNITED STATES OF AMERICA            :

       - v. -                                        :      15 Cr. 706 (VSB)

FRANCIS LORENZO,                     :
  a/k/a "Frank Lorenzo,"

           Defendant.                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

 

# MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
# IN OPPOSITION TO DEFENDANT FRANCIS LORENZO'S MOTION
# <u>TO DISMISS THE INDICTMENT</u>

 

                                                                   PREET BHARARA
                                                                    United States Attorney for the
                                                                    Southern District of New York
                                                                    Attorney for the United States of America

Daniel C. Richenthal
Rahul Mukhi
Janis M. Echenberg
Assistant United States Attorneys
      -Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
       - v. -                           15 Cr. 706 (VSB)
:
FRANCIS LORENZO,
  a/k/a "Frank Lorenzo,"              :

             Defendant.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PRELIMINARY STATEMENT

Defendant Francis Lorenzo, a/k/a "Frank Lorenzo" ("Lorenzo") has been charged with bribery, money laundering, and conspiracy to do the same, in connection with his employment by a private entity that bribed United Nations and foreign officials. Lorenzo now moves to dismiss the charges on the ground that he allegedly has diplomatic immunity protecting him from prosecution, based on his former diplomatic position at the Dominican Republic Mission to the United Nations. The law is clear, however, that he does not have—and never had—such immunity. As a United States citizen, Lorenzo was not conferred diplomatic immunity from prosecution, and he may be prosecuted for acts other than those official acts taken in connection with his former official position. In his motion, Lorenzo does not claim that he is being prosecuted for such official acts, but rather alleges that he is completely immune from prosecution. Lorenzo fails to even mention, much less address, the dispositive fact that all relevant times he has been a United States citizen, which defeats his diplomatic immunity defense as a matter of law. Accordingly, for the reasons set forth below and in the accompanying statement from the United States Department of State, Lorenzo's motion to dismiss the Indictment should be denied.

**APPLICABLE LAW**

A.  **Immunity**

1.  Diplomatic Immunity - Generally

Title 22, United States Code, Section 254d provides that "[a]ny action or proceeding brought against an individual who is entitled to immunity with respect to such action or proceeding under the Vienna Convention on Diplomatic Relations or under any other laws extending diplomatic privileges and immunities, shall be dismissed." The rules governing the immunity accorded to diplomatic agents assigned to the permanent missions to the United Nations ("UN) are embodied primarily in two international treaties: the United Nations Headquarters Agreement ("UN HQA"), Stat. 3416, 11 U.N.T.S. 11 (entered into force Nov. 21, 1947), and the Vienna Convention on Diplomatic Relations ("VCDR"), 23 U.S.T. 3227, TIAS No. 7502, 500 UNTS 95 (entered into force for the United States Dec. 13, 1972) (attached hereto as Exhibit A). The United States is a party to these treaties and they, along with certain domestic legislation enacted to implement them, provide the governing law in this area. *See generally* United States Department of State, Office of Foreign Missions, Diplomatic and Consular Immunity, Guidance for Law Enforcement and Judicial Authorities, Department of State Publication (2015), *available at* http://www.state.gov/documents/organization/150546.pdf (the "State Department Publication") (attached hereto as Exhibit B).

As a general rule, diplomatic-level staff assigned to permanent missions to the UN enjoy diplomatic immunity, just as diplomatic agents of embassies to the United States do. *See generally* State Department Publication at p. 14. Section 15 of the UN HQA provides that "such resident representatives of the[] staffs [of the permanent missions] . . . shall . . . be entitled in the territory of the United States to the same privileges and immunities, subject to corresponding

2

conditions and obligations, as it accords to diplomatic envoys accredited to it." UN HQA Section 15 (attached hereto as Exhibit C). In the United States (as elsewhere), the immunities of "diplomatic envoys" are those provided under the VCDR. Under the VCDR, "diplomatic agents" (synonymous with the UN HQA's "diplomatic envoys" for this purpose) generally enjoy personal inviolability from "any form of arrest or detention." VCDR Art. 29. Moreover, under Article 31, diplomatic agents generally "enjoy immunity from the criminal jurisdiction of the receiving State." *Id.* Art. 31(1). However, as set forth below, Article 38 of the VCDR eliminates this diplomatic immunity from criminal prosecution for United States permanent residents and nationals serving as diplomatic agents.

       2.      <u>Official Acts Immunity of United States Permanent Residents and Nationals</u>

The law treats United States permanent residents and nationals (citizens and non-citizen nationals) differently from non-nationals. Specifically, Article 38 of the VCDR provides that "[e]xcept insofar as additional privileges and immunities may be granted by the receiving State, a diplomatic agent ***who is a national of or permanently resident in that State*** shall enjoy ***only*** immunity from jurisdiction, and inviolability, ***in respect of official acts*** performed in the exercise of his functions." VCDR Art. 38(1) (emphasis added). The United States does not confer diplomatic immunity to its own citizens who are diplomats at permanent missions to the UN. *See* Letter of James B. Donovan, Minister-Counselor for Host Country Affairs, United States Mission to the United Nations, dated Dec. 30, 2015 ("Donovan Letter" or "Donovan Ltr.") ¶ 2 (attached hereto as Exhibit D).[1] Rather, U.S. citizens who are diplomats assigned to

---

[1] "Diplomatic immunity," under which a diplomatic agent enjoys complete immunity from prosecution, is distinct from "official acts immunity," under which a diplomatic agent may be arrested and prosecuted for acts other than official acts. *See, e.g.*, *Brzak* v. *United Nations*, 597 F.3d 107, 113 (2d Cir. 2010) (determining immunity claims by former UN officials who had only official acts immunity, not full diplomatic immunity).

3

the permanent missions of foreign governments to the UN enjoy immunity only for their official acts. *Id.* ("It is the policy and practice of the United States, that United States citizens working in a diplomatic capacity for a foreign government's permanent mission at the UN enjoy only official acts immunity, not diplomatic immunity.").

Consistent with the foregoing, the United States has used circular diplomatic notes to advise Permanent Missions to the UN of the requirements to obtain diplomatic privileges and immunities in the United States. *See* Donovan Ltr. ¶ 3.  In one such note, dated January 27, 2010 (attached to the Donovan Letter), the United States Mission to the UN informed all other missions that, to obtain diplomatic privileges and immunities in the United States under Section 15 of UN HQA, a diplomatic envoy must, among other things, be a national of the "Member State," meaning the foreign country that the envoy represents, *and* "possess an appropriate non-immigrant status in the United States." *Id.* at 3-4.  United States citizens do not have non-immigrant status in the United States and, accordingly, United States citizens working in a diplomatic capacity for a foreign government's mission to the UN enjoy only official acts immunity, not diplomatic immunity.  *See id.* ¶ 2.[2]

The United Nations has agreed with the United States' exclusion of United States citizens and permanent residents from the categories of those entitled to diplomatic privileges and immunities.  *See* United Nations Manual of Protocol ("UN Protocol Manual"), Section VI ("It is important to note that diplomatic privileges and immunities are not granted to members of diplomatic personnel who are citizens or permanent residents of the United States."); *available at* https://www.un.int/protocol/pm/menus-3-6.

---

[2] In addition, the sending State may waive a diplomat's immunity, including as to official acts.  VCDR Art. 32(1); 22 U.S.C. § 288d(b).

4

B.  **State Department Determinations as to Immunity Status**

"A court's reliance on the State Department's certification when determining diplomatic immunity has a long history in this country's jurisprudence." *United States* v. *Kuznetsov*, 442 F. Supp. 2d 102, 106 (S.D.N.Y. 2006). As far back as 1890, the Supreme Court stated that "the certificate of the Secretary of State . . . is the best evidence to prove the diplomatic character of a person." *In re Baiz*, 135 U.S. 403, 421 (1890). Indeed, "courts have generally accepted as conclusive the views of the State Department as to the fact of diplomatic status." *Abdulaziz* v. *Metropolitan Dade County*, 741 F.2d 1328, 1331 (11th Cir. 1984); *see also Kuznetsov*, 442 F. Supp. 2d at 107 (observing that "courts have continued to find that recognition and certification by the State Department is necessary to establish diplomatic immunity").

## RELEVANT FACTS

A.  **Lorenzo's Status in the United States**

On or about January 26, 1985, Lorenzo immigrated to the United States from the Dominican Republic. (Ex. E at 1). Upon arrival, Lorenzo was granted status as a lawful permanent resident ("LPR") of the United States, also on or about January 26, 1985. *Id.* Lorenzo later petitioned for citizenship and, approximately six and a half years later, on or about August 21, 1991, Lorenzo was naturalized as a United States citizen. (Ex. F).

On September 3, 2004, Lorenzo was appointed by the Dominican Republic to be its Deputy Permanent Representative to the United Nations. (Mot. Ex. 1). Lorenzo was subsequently recognized as such by the State Department as of October 11, 2004. Donovan Ltr. ¶ 1. Consistent with the fact that United States does not grant any privileges or immunities beyond official acts immunity to United States nationals such as Lorenzo, the State Department did not recognize Lorenzo to have any additional immunity when it accredited him to his

5

diplomatic position. *See id.* ¶ 2. Rather, throughout the time he was Deputy Permanent Representative, the State Department recognized Lorenzo to have only official acts immunity—just like any other national of the United States who chose to work as a diplomatic agent at a UN permanent mission. *See id.* In short, the State Department has never recognized Lorenzo to have diplomatic immunity. *Id.*

**B.     The Criminal Charges**

On October 5, 2015, Lorenzo was charged by complaint (the "Complaint") with bribery conspiracy and bribery, in violation of Title 18, United States Code, Sections 371 and 666. He was arrested the next day, October 6, 2015.[3]

On October 20, 2015, the grand jury returned the Indictment, which included the same charges as the Complaint, and also charged Lorenzo with money laundering and conspiracy to do the same, in violation of Title 18, United States Code, Section 1956.

As described greater detail in the Complaint, the charges against Lorenzo stem from his employment by his co-defendant Ng Lap Seng, a/k/a "David Ng," a/k/a "David Ng Lap Seng" ("Ng"), a Macau-based real estate and casino developer. Complaint ¶ 16. In or about 2009, while Lorenzo was simultaneously serving in his diplomatic position, Ng began paying Lorenzo, among other things, approximately $20,000 a month to be the "Honorary President" of a New York-based nongovernmental organization ("NGO-1"). *Id.* ¶ 17. As alleged, between Spring 2011 and December 2014, Ng and Lorenzo used NGO-1 to pay bribes to other UN and foreign officials, including co-defendant John W. Ashe ("Ashe"), who was the UN Ambassador for Antigua and Barbuda and the 68th President of the UN General Assembly. Among other things,

---

[3]     Two days later, on October 8, 2015, Lorenzo was suspended by the Dominican Republic UN Mission for a period of at least six months, which the State Department treated as a termination of Lorenzo's diplomatic status. *See* Donovan Ltr. ¶ 4.

6

Ng and Lorenzo funneled payments to Ashe in exchange for Ashe using his official position to further the business interests of Ng, who was seeking to build a multi-billion dollar UN conference center in Macau.

## ARGUMENT

## LORENZO DOES NOT HAVE DIPLOMATIC IMMUNITY

Lorenzo has never enjoyed the diplomatic immunity that is sole basis for his motion. Rather, his former position as a diplomat gave him immunity from prosecution only for his official acts. As set forth above, Lorenzo has been an LPR since 1986, and a United States citizen since 1991—long before he took the acts alleged to have been criminal. This undisputed fact conclusively defeats his diplomatic immunity claim. In his motion, Lorenzo does not present any argument to the contrary, nor could he. Rather, Lorenzo presses his motion based exclusively on a claim that he enjoyed complete diplomatic immunity. That claim is incorrect as a matter of law and fact.

As set forth above, the UN HQA, which governs immunity for UN diplomats, provides that the immunities enjoyed by such diplomats are conterminous with the immunities enjoyed by diplomatic envoys of foreign states. *See* UN HQA Section 15. In the United States, the immunity afforded to diplomatic envoys is governed by VCDR, which expressly provides that a diplomatic agent, who is a "national of or permanently resident in" the United States, enjoys immunity only "***in respect of official acts***," unless otherwise recognized by law. VCDR Art. 38(1) (emphasis added); Donovan Ltr. ¶ 2. The United States does not recognize any additional immunity for representatives to the UN who are its nationals or permanent residents in the United States. *See* Donovan Ltr. ¶ 2. The United Nations has agreed with the exclusion of United States citizens and permanent residents from the categories of those entitled to diplomatic

7

privileges and immunities. *See* UN Protocol Manual, Sec. VI. Accordingly, diplomatic agents such as Lorenzo, who are citizens or permanent residents of the United States, may be arrested and prosecuted for all acts other than official acts.

Thus, when Lorenzo was appointed, the State Department recognized him to have only official acts immunity, in light of his status as a United States citizen. *See* Donovan Ltr. ¶ 2. Accordingly, Lorenzo had only official acts immunity—both as a matter of law and as a matter of fact—and he has never had the diplomatic immunity from prosecution upon which his motion relies. *See id.*

In his motion, Lorenzo does not acknowledge, much less dispute that, by operation of law, his United States citizenship means he cannot and did not have diplomatic immunity. Instead, Lorenzo cites Article 31 of the VCDR, which states the general rule that "a diplomatic agent shall enjoy immunity from the criminal jurisdiction of receiving State." (Mot. 4). Lorenzo does not cite, or even mention, Article 38 of the VCDR, which, by its plain language, limits immunity to official acts immunity for citizens and permanent residents of the receiving State (here, the United States), such as himself.[4]

Lorenzo also cites a number of cases, all of which involve diplomatic immunity claims made by non-U.S. permanent residents and nationals under Article 31 of the VCDR, and are thus irrelevant. (*See e.g.*, Mot. 3-4 (citing *Devi* v. *Silva*, 861 F. Supp. 2d 135, 141 (S.D.N.Y. 2012) (determining diplomatic immunity claim by Sri Lankan Deputy UN Ambassador under VCDR Article 31); *United States* v. *Khobragade*, 15 F. Supp. 3d 383, 388 (S.D.N.Y. 2014) (same for citizen of Indian appointed as Counselor to Indian UN Mission)); *cf. Brzak* v. *United Nations*,

---

[4] Lorenzo does not assert that the acts with which he is charged were official acts. (Mot. 4 n.3). Rather, he states that "this Court need not analyze the acts alleged . . . in deciding this Motion." (Mot. 10).

8

597 F.3d 107, 113 (2d Cir. 2010) (determining immunity claims by former UN officials who had only official acts immunity, not full diplomatic immunity).[5]

In sum, as set forth above, Lorenzo's immunity from prosecution claim is defeated by the plain language of the UN HQA and the VCDR.  The conclusion that Lorenzo's motion should be denied is fully supported by the attached letter from the United States Mission to the United Nations.  The statement confirms that Lorenzo does not enjoy diplomatic immunity but only immunity for official acts.  *See* Donovan Ltr. ¶ 2.  As discussed above, "the courts have generally accepted as conclusive the views of the State Department as to the fact of diplomatic status."  *Abdulaziz*, 741 F.2d at 1331; *see also In re Baiz*, 135 U.S. at 421; *Kuznetsov,* 442 F. Supp. 2d at 107.  The State Department examined Lorenzo's status and determined that:

> As a United States citizen, Ambassador Lorenzo did not satisfy established Department of State criteria required to be considered for diplomatic privileges and immunities.  To enjoy diplomatic privileges and immunities, Ambassador Lorenzo would have to show, *inter alia,* that he is not a United States citizen and that he possessed an appropriate non-immigrant status in the United States.  It is the policy and practice of the United States, that United States citizens working in a diplomatic capacity for a foreign government's permanent mission at the UN enjoy only official acts immunity, not diplomatic immunity.  Accordingly, Mr. Lorenzo had only official acts immunity for the time period given.

Donovan Ltr. ¶ 2.

Thus, the State Department's views further support the denial of Lorenzo's motion to dismiss the Indictment.

---

[5] Lorenzo also makes several arguments and cites several cases related to whether diplomatic immunity depends on a defendant's status at the time of his arrest (Mot. 6-9), which is also irrelevant to his motion since Lorenzo *never* enjoyed any immunity other than official acts immunity.

## **CONCLUSION**

The defendant's motion to dismiss the Indictment should be denied.

Dated: New York, New York
January 5, 2016

                                            Respectfully submitted,

                                            PREET BHARARA
                                            United States Attorney for the
                                            Southern District of New York

By: _____
      Daniel C. Richenthal
      Rahul Mukhi
      Janis M. Echenberg
      Assistant United States Attorneys
      (212) 637-2109/1581/2597