```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3·16·16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :        SUPERSEDING INFORMATION

        -v.-                            :        S3 15 Cr. 706 (VSB)

FRANCIS LORENZO,                      :
  a/k/a "Frank Lorenzo,"               :

          Defendant.                 :

- - - - - - - - - - - - - - - x

## COUNT ONE

(Conspiracy to Pay Bribes and Gratuities)

The United States Attorney charges:

1.    From at least in or about Spring 2011, up to and including in or about September 2015, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 666.

2.    It was a part and an object of the conspiracy that FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, and others known and unknown, would and did corruptly give, offer, and agree to give a thing of value to a person, with the intent to influence and reward an agent of an organization, to wit, the

United Nations ("UN"), in connection with a business, transaction, and series of transactions of such organization, involving a thing of value of $5,000 and more, while such organization was in receipt of, in a one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, in violation of Title 18, United States Code, Section 666(a)(2), to wit, LORENZO and others agreed to pay and to facilitate payments to, among others, an individual serving as the Permanent Representative to the UN for Antigua and Barbuda ("Antigua"), and later as President of the UN General Assembly, in exchange for official actions as opportunities arose.

Overt Acts

3.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed and caused to be committed in the Southern District of New York and elsewhere:

a.    On or about February 24, 2012, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, caused the Permanent Representative to the UN for Antigua to introduce a document at the UN, located in New York, New York, in support of a real

2

estate project to be developed by a company of a co-conspirator not named as a defendant herein ("CC-1").

        b.   On or about June 3, 2014, LORENZO, CC-1, and another co-conspirator not named as a defendant herein ("CC-2"), arranged for a $200,000 wire payment to a bank account belonging to the President of the UN General Assembly.

        (Title 18, United States Code, Section 371.)

<u>COUNT TWO</u>

(Payment of Bribes and Gratuities)

The United States Attorney further charges:

4.    From at least in or about Spring 2011, up to and including in or about September 2015, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, corruptly gave, offered, and agreed to give a thing of value to a person, with the intent to influence and reward an agent of an organization, to wit, the UN, in connection with a business, transaction, and series of transactions of such organization, involving a thing of value of $5,000 and more, while such organization was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, to wit, LORENZO agreed with others to and did facilitate and

3

arrange for payments to, among others, an individual serving as
the Permanent Representative to the UN for Antigua and as
President of the UN General Assembly, in exchange for official
actions as opportunities arose.

(Title 18, United States Code, Sections 666(a)(2) and 2.)

## COUNT THREE
(Conspiracy to Commit Money Laundering)

The United States Attorney further charges:

5.   From at least in or about Spring 2012, up to and
including in or about September 2015, in the Southern District
of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank
Lorenzo," the defendant, and others known and unknown, willfully
and knowingly did combine, conspire, confederate, and agree
together and with each other to violate Title 18, United States
Code, Section 1956(a)(2)(A).

6.   It was a part and an object of the conspiracy that
FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, and
others known and unknown, would and did knowingly transport,
transmit, and transfer, and attempt to transport, transmit, and
transfer, a monetary instrument and funds from a place in the
United States to and through a place outside of the United
States and to a place in the United States from and through a
place outside of the United States, with the intent to promote

4

the carrying on of specified unlawful activity, to wit, the
bribery of a UN official and/or the bribery of a foreign
official, in violation of Title 18, United States Code, Section
1956(a)(2)(A), to wit, LORENZO and others agreed to transport
and transmit payments from outside the United States to the
United States and from the United States to outside the United
States to effect the bribery of, among others, UN officials and
foreign officials in the Caribbean.

(Title 18, United States Code, Section 1956(h).)

## COUNT FOUR
(Money Laundering)

The United States Attorney further charges:

7.   From at least in or about Spring 2011, up to and
including in or about September 2015, in the Southern District
of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank
Lorenzo," the defendant, knowingly transported, transmitted, and
transferred, and attempted to transport, transmit, and transfer,
a monetary instrument and funds from a place in the United
States to and through a place outside of the United States and
to a place in the United States from and through a place outside
of the United States, with the intent to promote the carrying on
of specified unlawful activity, to wit, the bribery of a UN
official and/or the bribery of a foreign official, to wit,

5

LORENZO transported and transmitted and assisted others to transport and transmit payments from outside the United States to the United States and from the United States to outside the United States to effect the bribery of, among others, UN officials and foreign officials in the Caribbean.

(Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

## COUNT FIVE

(Subscribing to False and Fraudulent U.S.
Individual Income Tax Returns)

The United States Attorney further charges:

8.    From in or about 2011, up to and including in or about 2014, in the Southern District and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, willfully and knowingly, made and subscribed to U.S. Individual Income Tax Returns, Forms 1040, for the tax years 2010 through 2013, which returns contained and were verified by the written declaration of LORENZO that they were made under penalties of perjury, and which returns LORENZO did not believe to be true and correct as to every material matter, to wit, LORENZO fraudulently omitted from his tax returns for tax years 2010, 2011, 2012, and 2013, substantial amounts of income, including salary and other compensation paid to LORENZO by CC-1 and an affiliated entity,

thereby substantially understating his total income and tax due and owing.

> (Title 26, United States Code, Sections 7206(1) and Title 18, United States Code, Section 2.)

### COUNT SIX

(Willful Failure to File Reports of Foreign Bank and Financial Records)

The United States Attorney further charges:

9.     On or before the filing due dates listed below, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, knowingly and willfully failed to file with the Commissioner of the IRS a Report of Foreign Bank and Financial Accounts, FinCEN Report 114 (FBAR) disclosing that he had a financial interest in, and signature and other authority over, a bank, securities, and other financial accounts in a foreign country, to wit, four foreign bank, securities, and other financial accounts at Banco de Reservas, all maintained in the Dominican Republic, which accounts each had an aggregate value of more than $10,000 during each of the years listed below:

| Calendar Year | Due Date to File FBAR | Bank |
|:---:|:---:|:---:|
| 2012 | June 30, 2013 | Banco de Reservas |

7

| Calendar Year | Due Date to File FBAR | Bank |
|---|---|---|
| 2013 | June 30, 2014 | Banco de Reservas |
| 2014 | June 30, 2015 | Banco de Reservas |

(Title 31, United States Code, Sections 5314 and 5322(a)-(b);
Title 31, Code of Federal Regulations, Sections 1010.350,
1010.306(c)-(d), and 1010.840(b); Title 18, United States Code,
Section 2.)

FORFEITURE ALLEGATIONS

10.  As a result of committing the offenses alleged in
Counts One and Two of this Superseding Information, FRANCIS
LORENZO, a/k/a "Frank Lorenzo," the defendant, shall forfeit to
the United States, pursuant to Title 18, United States Code,
Section 981(a)(1)(C), and Title 28, United States Code, Section
2461(c), any property, real or personal, which constitutes or is
derived from proceeds traceable to the commission of said
offenses.

(Title 18, United States Code, Section 981(a)(1)(C); Title 28,
United States Code, Section 2461(c).)

11.  As a result of committing the offenses alleged in
Counts Three and Four of this Superseding Information, FRANCIS
LORENZO, a/k/a "Frank Lorenzo," the defendant, shall forfeit to
the United States, pursuant to Title 18, United States Code,

8

Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property.

(Title 18, United States Code, Section 982(a)(1).)

(Substitute Assets Provision)

12.   If any of the above-described forfeitable property, as a result of any act or omission of FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461, to

9

seek forfeiture of any other property of said defendant up to

the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982; Title 21,
United States Code, Section 853; Title 28, United States Code,
Section 2461.)

PREET BHARARA
UNITED STATES ATTORNEY

10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**FRANCIS LORENZO,**
**a/k/a "Frank Lorenzo,"**

**Defendant.**

---

### SUPERSEDING INFORMATION

S3 15 Cr. 706 (VSB)

(18 U.S.C. §§ 2, 371, 666(a)(2),
1956(a)(2)(A), and 1956(h); 26 U.S.C.
§ 7206(1); 31 U.S.C. §§ 5314, 5322.)

_____ PREET BHARARA
United States Attorney.