G3g6lorp

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          15 CR 706(VSB)

5    FRANCIS LORENZO,

6                   Defendant.

7    ------------------------------x

8                                         New York, N.Y.
                                          March 16, 2016
9                                         12:00 noon

10

     Before:
11
                     HON. VERNON S. BRODERICK,
12
                                          District Judge
13

14                      APPEARANCES
     PREET BHARARA
15       United States Attorney for the
         Southern District of New York
16   JANIS ECHENBERG
     DANIEL C. RICHENTAL
17       Assistant United States Attorney

18   HIRSCHHORN & BIEBER, P.A.
         Attorneys for Defendant Lorenzo
19   BRIAN H. BIEBER

20

21

22

23

24

25

G3g6lorp

1           (In open court; case called)

2           THE DEPUTY CLERK:  Counsel, please state your

3    appearances for the record.

4           MS. ECHENBERG:  Good afternoon, your Honor.  Janis

5    Echenberg for the government.  With me at counsel table is my

6    colleague Daniel Richenthal, as well as Jason Alberts from the

7    FBI and Sheldon Tang from the IRS.

8           MR. BIEBER:  Good afternoon, your Honor.  Brian Bieber

9    on behalf of Francis Lorenzo, who is present.

10           THE COURT:  Good afternoon.

11           Good afternoon, Mr. Lorenzo.

12           Mr. Lorenzo, I understand that or I have been informed

13    that you wish to plead guilty to a six-count superseding

14    information; is that correct?

15           THE DEFENDANT:  That's correct.

16           THE COURT:  Ms. Williams, if you could, show

17    Mr. Lorenzo a copy of the waiver of indictment form.  You can

18    mark it as Court Exhibit 1.

19           Mr. Lorenzo, my deputy clerk just handed you a copy of

20    the waiver of indictment form.  Is that your signature on that

21    form?

22           THE DEFENDANT:  Yes, it is.

23           THE COURT:  Before you signed it, did you discuss it

24    with Mr. Bieber?

25           THE DEFENDANT:  Yes, I did.

G3g6lorp

1            THE COURT:  Did he explain it to you?

2            THE DEFENDANT:  Yes, my Honor.

3            THE COURT:  Ms. Williams, if you could take that back

4       and take care of getting it filed.

5            Mr. Lorenzo, do you understand that you are under no

6       obligation to waive indictment?

7            THE DEFENDANT:  Yes, my Honor.

8            THE COURT:  Do you understand that if you were not to

9       waive indictment and the government wants to prosecute you, it

10      would have to present the case to a grand jury, which may or

11      may not indict you?

12           THE DEFENDANT:  Yes, my Honor.

13           THE COURT:  Do you understand that by waiving

14      indictment, you are giving up your right to have your case

15      presented to a grand jury?

16           THE DEFENDANT:  Yes, my Honor.

17           THE COURT:  Do you understand what a grand jury is?

18           THE DEFENDANT:  Yes, my Honor.

19           THE COURT:  Does either counsel know of any reason

20      that I should not find Mr. Lorenzo has knowingly and

21      voluntarily waived his right to be indicted by a grand jury?

22           MS. ECHENBERG:  No, your Honor.

23           MR. BIEBER:  No, your Honor.

24           THE COURT:  I find that Mr. Lorenzo has knowingly and

25      voluntarily waived his right to be indicted by a grand jury,

G3g6lorp

```
 1    and I authorize the filing of the superseding information.

 2             Now, Mr. Lorenzo, before I accept your guilty plea, I

 3    am going to ask you certain questions so that I may establish

 4    to my satisfaction that you wish to plead guilty because you

 5    are guilty and not for some other reason, and also to establish

 6    that you know what you will be giving up by pleading guilty.

 7    If you don't understand any of my questions, just stop me and

 8    either I will explain or your lawyer will explain it to you

 9    more fully.

10             Okay?

11             THE DEFENDANT:  Yes, my Honor.

12             THE COURT:  We will take as much time as we need.

13             Ms. Williams, if you could please swear in

14    Mr. Lorenzo.

15             THE DEPUTY CLERK:  Mr. Lorenzo, will you raise your

16    right hand.

17             (Defendant sworn)

18             THE COURT:  Mr. Lorenzo, you are now under oath, which

19    means that if you answer any of my questions falsely, you may

20    be prosecuted for the separate crime of perjury.

21             Do you understand that?

22             THE DEFENDANT:  I do, my Honor.

23             THE COURT:  What is your full name?

24             THE DEFENDANT:  Francis Lorenzo.

25             THE COURT:  How old are you?
```

G3g6lorp

1              THE DEFENDANT:  48.

2              THE COURT:  How far did you go in school?

3              THE DEFENDANT:  College.

4              THE COURT:  Have you ever been treated or hospitalized

5    for any mental illness?

6              THE DEFENDANT:  No.

7              THE COURT:  Are you now or have you recently been

8    under the care of a doctor or psychiatrist?

9              THE DEFENDANT:  No.

10             THE COURT:  Have you ever been treated or hospitalized

11   for any type of addiction, including drug or alcohol addiction?

12             THE DEFENDANT:  No.

13             THE COURT:  Have you taken any drugs, medicine or

14   pills or drunk any alcoholic beverages in the past two days?

15             THE DEFENDANT:  No.

16             THE COURT:  Is your mind clear today?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Do you understand what is happening today?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Mr. Bieber, have you discussed this matter

21   with your client?

22             MR. BIEBER:  Yes, Judge.

23             THE COURT:  Does he understand the rights he will be

24   waiving by pleading guilty?

25             MR. BIEBER:  Yes, he does.

G3g6lorp

1          THE COURT:  Is he capable of understanding the nature

2     of these proceeding?

3          MR. BIEBER:  Yes.

4          Do you prefer I stand?

5          THE COURT:  No.  That is okay.  You can remain seated.

6          Do either counsel know or have any doubt as to Mr.

7     Lorenzo's competence to plead guilty at this time?

8          MS. ECHENBERG:  No, your Honor.

9          MR. BIEBER:  No, your Honor.

10          THE COURT:  On the basis of Mr. Lorenzo's responses to

11     my questions, my observations of his demeanor here in court and

12     the representations of counsel, I find that he is fully

13     competent to enter an informed plea of guilty at this time.

14          Mr. Lorenzo, have you received a copy of the

15     superseding information?

16          THE DEFENDANT:  Yes, I have.

17          THE COURT:  Did you read it?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Do you waive its public reading at this

20     time?

21          THE DEFENDANT:  Yes, my Honor.

22          THE COURT:  Have you had enough of a chance to discuss

23     with your lawyer the charges to which you intend to plead

24     guilty?

25          THE DEFENDANT:  Yes.

G3g6lorp

1          THE COURT:  Does that include any possible defenses to

2     those charges?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Has your lawyer explained to you the

5     consequences of entering a guilty plea?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Are you satisfied with Mr. Bieber's

8     representation?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Now I am going to explain to you certain

11     constitutional rights that you have.  These are rights that you

12     are going to be giving up by pleading guilty.  Again, listen

13     carefully to everything I am about to say.  If you don't

14     understand something, we'll just stop the proceedings and

15     either I or your lawyer will explain it to you.

16          Okay?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Now, under the Constitution and laws of

19     the United States, you have a right to plead not guilty to the

20     charges contained in the superseding information.

21          Do you understand that?

22          THE DEFENDANT:  I do.

23          THE COURT:  If you do plead not guilty, you would be

24     entitled to a speedy and public trial by a jury on the charges

25     contained in the superseding indictment.

G3g6lorp

1              Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  At such a trial, you would be presumed

4    innocent and the government would be required to prove you

5    guilty by competent evidence beyond a reasonable doubt before

6    you could be found guilty.

7              Do you understand that?

8              THE DEFENDANT:  Yes, I do.

9              THE COURT:  A jury of 12 people would have to agree

10   unanimously that you were guilty and you would not have to

11   prove that you were innocent if you were to go to trial.

12             Do you understand that?

13             THE DEFENDANT:  Yes.

14             THE COURT:  At a trial and every stage of the

15   proceeding and every stage of this case, you would be entitled

16   to be represented by a lawyer if you could not afford one.  You

17   would be entitled to be represented by a lawyer and if you

18   could not afford one, one would be appointed at public expense,

19   in other words, free of cost to represent you.

20             Do you understand that?

21             THE DEFENDANT:  Yes.

22             THE COURT:  During a trial the witnesses for the

23   government would have to come here to court and testify in your

24   presence.  Your lawyer could cross-examine the witnesses for

25   the government, object to evidence offered by the government,

G3g6lorp

1    and offer evidence in your own defense if you desired.  You

2    would also have the right to have subpoenas issued or other

3    process to compel witnesses to testify on your behalf.

4             Do you understand that?

5             THE DEFENDANT:  Yes.

6             THE COURT:  At a trial, although you would have the

7    right to testify if you chose to do so, you also would have the

8    right not to testify.  And if you decided not to testify, no

9    one, not even the jury, could draw any inference or suggestion

10   of your guilt from the fact that you did not testify.

11            Do you understand that?

12            THE DEFENDANT:  Yes.

13            THE COURT:  Have you had a full opportunity to discuss

14   with your lawyer whether there is any basis to seek suppression

15   of some or all of the evidence against you on the ground that

16   your constitutional rights were violated?  Have you had an

17   opportunity to discuss with your lawyer that?

18            THE DEFENDANT:  Yes.

19            THE COURT:  Do you understand by pleading guilty, you

20   are giving up your right to seek suppression of any evidence

21   against you?

22            THE DEFENDANT:  Yes.

23            THE COURT:  Now, if you are convicted at trial, you

24   would have the right to appeal that verdict.

25            Do you understand that?

G3g6lorp

1          THE DEFENDANT:  Yes.

2          THE COURT:  Now, even now as you sit here and even now

3   as you are entering your guilty plea, you have the right to

4   change your mind and go to trial on the charges contained in

5   the superseding information.

6          Do you understand that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Now, if you plead guilty and I accept your

9   plea, you will give up your right to the trial and the other

10  rights that I have just explained to you, other than the right

11  to a lawyer, which you have regardless of whether or not you

12  plead guilty; but there will be no trial and I will enter a

13  judgment of guilty and sentence on the basis of your plea after

14  I have considered a presentence report and whatever submissions

15  I get from the government and from your lawyer.  There will be

16  no appeal with respect to whether the government could or could

17  not have used the evidence it has against you or with respect

18  to whether you did or did not commit the crimes that are

19  charged in the superseding information.

20         Do you understand that?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Now, if you plead guilty, you will also

23  give up your right not to incriminate yourself because I am

24  going to ask you in a moment questions about what you did in

25  order to satisfy myself that you are in fact guilty as charged,

G3g6lorp

1   and you will have to admit and acknowledge your guilt.

2           Do you understand that?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Do you understand each and every one of

5   the rights I have just explained to you?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Mr. Lorenzo, are you willing to give up

8   your right to trial and the other rights I have just discussed

9   with you?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Now, with regard to the charges that are

12  in the superseding information, do you understand that the

13  superseding information charges you with conspiracy to commit

14  bribery, bribery, conspiracy to commit money laundering, money

15  laundering, subscribing to false and fraudulent Individual

16  Income Tax Returns and the willful failure to file reports of

17  foreign bank and financial records?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Ms. Echenberg, if could you, please recite

20  each of the elements for the six counts in the superseding

21  information.

22          MS. ECHENBERG:  Yes, your Honor.  With respect to

23  Count One the elements are as follows:  First, the existence of

24  the conspiracy charged, that is, an agreement or understanding

25  to commit bribery; second, that the defendant knowingly and

G3g6lorp

1    willfully became a member of that conspiracy; and third, that

2    any one of the co-conspirators, not necessarily the defendant,

3    but any member of the conspiracy knowingly committed at least

4    one overt act in furtherance of the conspiracy during the life

5    of the conspiracy.

6           The object or the goal of the conspiracy charged in

7    Count One is bribery and that offense has five elements, which

8    are also the elements of Count Two, and I will go through those

9    now:

10          First, at the time alleged in the superseding

11    information, the person being bribed was an agent of an

12    organization or organizations; second, that in a one-year

13    period that organization or organizations received federal

14    benefits in access of $10,000; third, that the defendant gave

15    or agreed to give or offered to give something of value to the

16    person being bribed; fourth, that the defendant acted corruptly

17    with the intent to influence with respect to a business or

18    transaction of the organization at issue; fifth, that the value

19    of the business or transaction to which the payment or payments

20    related was at least $5,000.

21          Count Three charges the defendant with conspiracy to

22    commit money laundering from in or about the spring of 2012 up

23    and including in or about September 2015.  The elements of that

24    charge are the conspiracy as I provided with respect to Count

25    One, except no overt act is required.

G3g6lorp

1          For clarification, for Count One the time period is

2     spring 2011 up to and including in or about September 2015.

3          Going back to Count Three.  The object or the goal of

4     the charged conspiracy of Count Three is money laundering,

5     which has three elements and those are also the elements of

6     Count Four, which I will recite now.  First, the defendant

7     transmitted monetary funds; second, the defendant's

8     transmissions of the funds were either from a place in the

9     United States to or through a place outside the United States

10    or to a place in the United States from or through a place

11    outside the United States; third, the defendant's transmission

12    of monetary funds was done with the intent to promote the

13    carrying on of a specific unlawful activity, which includes

14    bribery of a United Nations official and bribery of a foreign

15    official.

16         Count Five charges the defendant with subscribing to

17    false and fraudulent United States Tax Returns for the tax

18    years of 2010 to 2013.  The elements of that charge are as

19    follows:  First, the defendant signed an income tax return that

20    contained a written declaration that was made under penalty

21    perjury; second, that the return falsely stated the defendant's

22    gross income amount; third, that the defendant purposely made

23    the statement and knew it was false.

24         Count Six charges the defendant with willful failure

25    to file reports of foreign bank and financial records for the

G3g6lorp

1    calendar years of 2012 to 2014.  The elements of that count are

2    as follows:  First, the defendant maintained at least one

3    account overseas that had a value of over $10,000 in it;

4    second, that the defendant failed to report that account on the

5    FR form filed by June 30th of the following calendar year in

6    which he maintained that account; and third, the defendant did

7    so willfully.

8            The government would prove all of those elements

9    beyond a reasonable doubt and it would also prove venue for

10   each of those counts by a preponderance of the evidence.

11           THE COURT:  Thank you.

12           Mr. Lorenzo, do you understand that if you were to go

13   to trial, the government would have to prove all of the

14   elements the prosecutor just mentioned for each of the six

15   counts to which you were pleading guilty beyond a reasonable

16   doubt?

17           THE DEFENDANT:  Yes, my Honor.

18           THE COURT:  I am going to discuss with you and explain

19   the maximum penalties for these crimes.  The maximum means the

20   most that could possibly be imposed.  It does not mean that

21   that is what you will necessarily receive; but you need to

22   understand that by pleading guilty, you're subjecting yourself

23   to any combination of punishments up to the maximum that I am

24   about to describe.

25           Do you understand that?

G3g6lorp

1              THE DEFENDANT:  Yes.

2              THE COURT:  First I am going to talk to you about the

3     restrictions on your liberty, in other words, potential jail

4     time and supervised release.  The maximum term of imprisonment

5     for the crime charged in Count One of the superseding

6     information is five years' imprisonment and the maximum term of

7     supervised release is three years.  Supervised release means

8     that when you are released from prison, you will be under the

9     supervision of the Probation Department and there will be

10    certain rules of supervised release that you will have to

11    follow.  If you violate any of those rules, you can be returned

12    to prison without a jury trial to serve additional time with no

13    credit for time-served in prison as a result of your sentence

14    and no credit for any time spent on postrelease supervision.

15             Do you understand that?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Now, the maximum term of imprisonment on

18    Count Two of the superseding information is 10 years'

19    imprisonment.  You also face a maximum supervised release term

20    of three years.  The maximum term of imprisonment on Count

21    Three of the superseding information is 20 years.  You will

22    also face a term of supervised release of three years on that

23    count.  The maximum term of imprisonment on Count Four is 20

24    years' imprisonment and also a three-year term of supervised

25    release.  The maximum term of imprisonment on Count Five is

G3g6lorp

three years of imprisonment and you face a maximum term of

supervised release of one year.  With regard to Count Six, you

face a maximum term of imprisonment of five years and a maximum

term of supervised release of three years.

          Now, you should understand that there is no parole in

the federal system and if you are sentenced to prison, you will

not be released early on parole.  There is a limited

opportunity to earn credit for good behavior, but you'll have

to serve at least 85 percent of the time that you are sentenced

to.

          Do you understand that?

          THE DEFENDANT:  Yes.

          THE COURT:  Now, the maximum term of incarceration

that you face to all of the charges contained in the

superseding information is 63 years' imprisonment.  Now, in

addition to the restrictions on your liberty, the maximum

punishment also includes certain financial penalties.  The

maximum allowable fine with regard to each of Counts One and

Two is $250,000 or twice the gross gain derived from the

offense or twice the gross loss to persons other than yourself

as a result of the offense.

          Do you understand that?

          THE DEFENDANT:  Yes.

          THE COURT:  The maximum allowable fine with regard to

each of Counts Three and Four is $500,000 or twice the gross

G3g6lorp

1    gain derived from the offense or twice the gross loss to

2    persons other than yourself as a result of the offense.

3            Do you understand that?

4            THE DEFENDANT:  Yes.

5            THE COURT:  The maximum allowable fine with regard to

6    each of Counts Five and Six is $250,000 or twice the gross gain

7    derived from the offense or twice the loss to persons, other

8    than yourself, as a result of the offense.

9            Do you understand that?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Now, as part of the agreement --

12           MS. ECHENBERG:  Your Honor, if I could make one

13   clarification with regard to Counts Three or Four.  It is

14   possible it was not reflected on the designation sheet.  The

15   fine with respect to Counts Three and Four is the greatest of

16   $500,000, which is what your Honor stated, or it is actually

17   twice the value of the monetary instrument or funds involved in

18   the transportation, transmission or transfer.  That is as

19   reflected in the plea agreement on page 2.

20           THE COURT:  Okay.  My mistake.

21           MS. ECHENBERG:  If that needs to be corrected on the

22   designation sheet, we can take care of that.

23           THE COURT:  I don't know whether it does.

24           MS. ECHENBERG:  That is what I thought, your Honor.

25           THE COURT:  So, Mr. Lorenzo, Counts Three and Four as

G3g6lorp

1    the prosecutor just mentioned the maximum fine is $500,000 or

2    twice the value of monetary instrument or funds involved in the

3    transportation, transmission or transfer of the monetary

4    instrument.

5            Do you understand that?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Now, as part of your agreement with the

8    government that I will discuss with you in more detail in a

9    moment, you have agreed to file accurate, amended United States

10   Individual Tax Returns, Forms 1040, for the years 2010 through

11   2014; is that correct?

12           THE DEFENDANT:  That's correct.

13           THE COURT:  You have also agreed to pay past taxes due

14   and owing to the Internal Revenue Service including applicable

15   penalties on the terms and conditions that you will work with

16   the IRS to arrange; is that correct?

17           THE DEFENDANT:  Yes.

18           THE COURT:  You've also agreed not to contest the

19   applicability of any civil fraud penalties; is that correct?

20           THE DEFENDANT:  Yes.

21           THE COURT:  As part of your plea agreement with the

22   government, you also agreed to pay restitution to the IRS in

23   the full amount of the tax due and owing as a result of the use

24   of the undisclosed foreign bank accounts; is that correct?

25           THE DEFENDANT:  Yes.

G3g6lorp

1          THE COURT:  Now, with regard to your failure to file

2    reports of foreign bank and financial accounts, do you

3    understand that you've agreed to pay a civil penalty to the IRS

4    equal to or greater than $100,000 or 50 percent of the highest

5    total balance of each of the foreign financial accounts in

6    which you had a financial interest or over which you had

7    signature or other authority during the calendar years 2012,

8    2013 and 2014.

9          Do you understand that?

10         THE DEFENDANT:  Yes.

11         THE COURT:  I can also order forfeiture of all

12   property derived from the offense or used to facilitate the

13   offense.  Again, I note as part of your plea agreement you have

14   agreed to admit to the forfeiture allegation as it relates to

15   Counts One, Two, Three and Four of the superseding information.

16   Specifically, you agree to forfeit to the government any

17   property, real or personal, which constitutes or is deprived

18   from proceeds traceable to the commission of the offenses

19   alleged in Counts One and Two of the superseding information

20   and any property, real or personal, involved in the offenses

21   charged in Counts Three and Four and any property traceable to

22   such property; is that correct?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Finally I must order a mandatory special

25   assessment of $100 on each count for a total of $600.  The

G3g6lorp

1     special assessment will be due immediately upon sentencing.

2              Do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Mr. Lorenzo, I understand you are a

5     citizen of the United States?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Do you understand that as a result of your

8     guilty plea, you may lose certain valuable civil rights to the

9     extent that you have them now or to the extent that you can

10    otherwise obtain them such as the right to vote, the right to

11    hold public office, the right to serve on a jury and the right

12    to possess any kind of firearm?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Mr. Lorenzo, are you now serving any

15    sentence, state or federal, or being prosecuted by the state

16    for any crime?

17             THE DEFENDANT:  No.

18             THE COURT:  Are you currently on parole?

19             THE DEFENDANT:  No.

20             THE COURT:  Do you understand that if your lawyer or

21    anyone else has attempted to predict for you what your sentence

22    will be that their prediction could be wrong?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Now, no one -- not your lawyer, not the

25    government's lawyer -- no one can give you any assurance of

G3g6lorp

```
1    what your sentence will be because I am going to decide your

2    sentence and I am not going to do that today.  As I mentioned I

3    am going to wait until I receive a presentence report prepared

4    by the Probation Department.  I will do my own independent

5    calculation of the sentencing guideline range.  I will consider

6    it and any possible departures from it.  I will consider any

7    submissions made by Mr. Bieber and the government's attorneys.

8    Also, I will determine in the end what a reasonable sentence is

9    for you based upon the sentencing factors contained in Title

10   18, United States Code, Section 3553(a).

11            Do you understand that?

12            THE DEFENDANT:  Yes.

13            THE COURT:  Have you discussed these issues with your

14   attorney?

15            THE DEFENDANT:  Yes.

16            THE COURT:  Now, even if your sentence is different

17   from what your lawyer or anyone else has predicted it might be,

18   even if it is different from what you expect or if it is

19   different from anything that might be contained in your plea

20   agreement or any discussions you may have had with the

21   government, you will still be bound by your guilty plea and I

22   will not allow you to withdraw your guilty plea.

23            Do you understand that?

24            THE DEFENDANT:  Yes.

25            THE COURT:  Now, as I mentioned this is a written plea
```

G3g6lorp

1    agreement in this case.  It is dated March 15th, 2016.  I have

2    the original in my hand.  I am going to hand it to my deputy

3    clerk and ask that she show it to Mr. Lorenzo.

4            Mr. Lorenzo, my deputy clerk has just handed you the

5    original of the plea agreement.  If you take a look at the last

6    page, is that your signature?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Did you sign the agreement earlier today

9    in the presence of your lawyer Mr. Bieber?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Did you also initial each of the pages of

12   that agreement?

13           THE DEFENDANT:  Yes.

14           THE COURT:  Did you discuss it with Mr. Bieber before

15   you signed it?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Did you fully understand it before you

18   signed it?

19           THE DEFENDANT:  Yes.

20           THE COURT:  If you could give that back to my deputy

21   clerk.

22           Ms. Williams, you can give it to the government and

23   they can hold on to the original.

24           That agreement is binding on you and it is binding on

25   your attorney and it is binding on the government but it not

G3g6lorp

1    binding on me.  As I mentioned I have my own obligation to

2    determine the correct guideline range and what the appropriate

3    sentence is in your case.

4           Do you understand that your plea agreement is not

5    binding on me?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Do you understand that as part of your

8    plea agreement, you have agreed to do certain things?  Now,

9    this is just a summary.  You have agreed that you will

10   truthfully and completely disclose information with respect to

11   your activities and the activities of others concerning matters

12   about which you are asked by the government; that you will

13   cooperate with the government, the Federal Bureau of

14   Investigation and the IRS; you will attend meetings as

15   requested by the government; you'll also provide the government

16   any document or record or tangible evidence relating to matters

17   about which the government asks you.

18          Do you understand that these are some of the

19   obligations that you are signing onto by agreeing to your plea

20   agreement?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Have you discussed the nature of the

23   cooperation to which you have agreed with your attorney?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Now, do you understand that if you comply

G3g6lorp

1    with all the terms of the agreement, including by providing

2    substantial assistance, the government will make a motion on

3    your behalf pursuant to 5K1.1 of the sentencing guidelines and

4    Title 18, United States Code, Section 3553(e) requesting that I

5    sentence you in light of the factors set forth in Section 5k1.1

6    of the sentencing guidelines?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Do you understand that if the government

9    determines in its sole discretion that you have not complied

10   with the terms of your agreement, that it is relieved from

11   making a motion on your half but you cannot withdraw your

12   guilty plea?

13           THE DEFENDANT:  Yes.

14           THE COURT:  Do you understand that even if such a

15   motion is filed by the government, the sentence that you

16   receive remains in my sole discretion?  In other words, I will

17   determine your sentence, no one else.

18           Do you understand that?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Now, does the written agreement dated

21   March 15th of this year constitute your complete and total

22   understanding of the entire agreement you have with the

23   government?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Has anything been left out?

G3g6lorp

1          THE DEFENDANT:  No.

2          THE COURT:  Now, other than what is written in the

3   agreement, has anyone made any promise or offered you any

4   inducement -- in other words, some encouragement or

5   incentive -- to plead guilty or to sign the agreement?

6          THE DEFENDANT:  No.

7          THE COURT:  Has anyone threatened you or forced you to

8   plead guilty or to sign the plea agreement?

9          THE DEFENDANT:  No.

10          THE COURT:  Has anyone made any promise to you as to

11   what your sentence will be?

12          THE DEFENDANT:  No.

13          THE COURT:  Mr. Lorenzo, how do you plead?

14          THE DEFENDANT:  Guilty.

15          THE COURT:  Mr. Lorenzo, now we've come to the part of

16   the proceeding that I mentioned to you earlier.  I am going

17   asking you what it is that you did that makes you believe that

18   you are guilty of the charges contained in the superseding

19   information?

20          THE DEFENDANT:  Your Honor, beginning in 2011 and

21   continuing through the 2015, I agreed with others to facilitate

22   the payments of bribes and conduct transactions that violate

23   the law of the United States.  My criminal conduct included but

24   was not limited to agreeing to assist in--

25          THE COURT:  Take your time.

G3g6lorp

1        THE DEFENDANT:  -- to assist and causing John Ashe,

2   the Permanent Representative to the United Nation of Antigua

3   to introduce documents at the United Nations in support of the

4   real-estate project to be developed by Ng Lap Seng and to seek

5   influence of other foreign officials for the benefit of Ng Lap

6   Seng.

7        Among other things, on or about June 3rd, 2014, I

8   assisted in and facilitated the payment of about $200,000 wired

9   to a bank account belonging to John Ashe, the then President of

10  the United Nations General Assembly, was done with the intent

11  to influence John Ashe in his official capacity to act in ways

12  to benefit Ng Lap Seng and others.

13       Moreover, from at least the spring of 2011 through

14  September 2015 I knowingly and intentionally agreed to

15  participate in having funds sent from China to the United

16  States and from the United States to places outside of the

17  United States for the purpose of paying and rewarding John Ashe

18  and foreign officials in Antigua to take official action.  Some

19  of the meetings in furtherance of this action I described are

20  here in Manhattan.

21       I also filed false and fraudulent tax returns by

22  omitting income for the tax year 2010-2013 and then only failed

23  to file the reports for foreign bank and financial accounts

24  disclosing that I had financial interests in foreign bank

25  accounts.  At least one of those bank accounts had a total

G3g6lorp

| | |
|---|---|
| 1 | value of more than 10,000.  I know that I would have -- should |
| 2 | have disclosed the accounts to the IRS. |
| 3 | I understood that what I was doing as I just described |
| 4 | it was wrong. |
| 5 | THE COURT:  I am sorry.  You understood that with |
| 6 | regard to each of the crimes that you just described that what |
| 7 | you were doing was wrong? |
| 8 | THE DEFENDANT:  Yes. |
| 9 | THE COURT:  Mr. Bieber, do you know of any valid |
| 10 | defense that will prevail at trial or do you know of any reason |
| 11 | why Mr. Lorenzo should not be permitted to plead guilty at this |
| 12 | time? |
| 13 | MR. BIEBER:  No, Judge. |
| 14 | THE COURT:  Ms. Echenberg, are there any additional |
| 15 | questions that I should ask Mr. Lorenzo? |
| 16 | MS. ECHENBERG:  No, your Honor.  The government would |
| 17 | just proffer with respect to venue for the tax counts, the tax |
| 18 | filings were prepared in Manhattan and they were filed from the |
| 19 | Bronx.  They were mailed from the box. |
| 20 | THE COURT:  Mr. Lorenzo, you just heard what the |
| 21 | prosecutor said.  Is that an accurate statement? |
| 22 | THE DEFENDANT:  Yes. |
| 23 | MS. ECHENBERG:  Your Honor, I would also proffer that |
| 24 | the United Nations received more than $10,000 per year in |
| 25 | federal funds in each of the relevant years. |

G3g6lorp

1              THE COURT:  Thank you.

2              Ms. Echenberg, if you could, please summarize what the

3     government's evidence would be had Mr. Lorenzo gone to trial?

4              MS. ECHENBERG:  Yes, your Honor.  At trial the

5     government would have proven each of the elements of the crime

6     through witness testimony, e-mails, bank records and other

7     evidence.

8              Would you like me to describe --

9              THE COURT:  If could you, yes.

10             MS. ECHENBERG:  So the evidence would show that during

11    the relevant time frame Mr. Lorenzo in return for payments

12    agreed and did give payments and other things of value to John

13    Ashe, who served as a Permanent Representative to the United

14    Nations in Antigua and Barbuda until December 2014 and served

15    as President of the United Nations General Assembly between

16    2013 and 2014.  In exchange and to reward John Ashe for taking

17    official action, among other things, at the request of

18    co-defendants Ng Lap Seng and Jeff C. Yin, Lorenzo arranged for

19    payments to Ashe so that Ashe would take action in his own

20    official capacity and use his position as a diplomatic and

21    United Nations General Assembly President to influence other

22    United Nations and foreign officials in connection with

23    business transactions of Mr. Ng and others worth far more than

24    $10,000, including with respect to the proposed development of

25    a conference center in Macau, China.

G3g6lorp

1          Lorenzo also agreed to, and there would be evidence,

2     that Lorenzo also agreed to and did arrange for payments to one

3     or more foreign officials in return for those officials'

4     agreeing to take official action.  At least some of the

5     payments to Lorenzo and at least some of the payments to John

6     Ashe were sent to or through bank accounts in the Southern

7     District of New York or were provided in cash in the Southern

8     District of New York.

9          As I stated, there would be evidence that the United

10    Nations received more than $10,000 in federal funds during at

11    least the years 2011 through 2015.  Further, there would be

12    evidence in the forms described earlier that Mr. Lorenzo

13    knowingly failed to file to the Internal Revenue Service that

14    he had multiple foreign bank accounts and knowingly submitted

15    tax returns.  As I mentioned those tax returns were prepared in

16    Manhattan and there would be evidence of that and they were

17    mailed from the Bronx.  Those tax returns omitted the full

18    amount of his gross income, which included payments made to him

19    as part of the bribery and money laundering schemes that I have

20    just described.

21          THE COURT:  Thank you.

22          Mr. Lorenzo, did you hear what the prosecutor just

23    said?

24          THE DEFENDANT:  Yes, I did.

25          THE COURT:  By pleading guilty, you will be giving up

G3g6lorp

 1  your right to challenge all of the evidence that she just

 2  mentioned.

 3          Do you understand that?

 4          THE DEFENDANT:  Yes.

 5          THE COURT:  Did you do the things that the prosecutor

 6  just mentioned?

 7          THE DEFENDANT:  Yes.

 8          THE COURT:  Do both counsel agree that there is a

 9  sufficient factual predicate for a guilty plea?

10          MS. ECHENBERG:  Yes, your Honor.

11          MR. BIEBER:  Yes, Judge.

12          THE COURT:  Does either counsel know of any reason

13  that I should not accept Mr. Lorenzo's guilty plea?

14          MS. ECHENBERG:  No, your Honor.

15          MR. BIEBER:  No, your Honor.

16          THE COURT:  Mr. Lorenzo, because you acknowledge that

17  you are in fact guilty as charged in Counts One, Two, Three,

18  Four, Five and Six of the superseding information, because I am

19  satisfied that you know your rights including your right to go

20  to trial and that you are aware of the consequences of your

21  plea including the sentence which may be imposed and because I

22  find that you are knowingly and voluntarily pleading guilty, I

23  will accept your guilty plea and I will enter a judgment of

24  guilt on Counts One, Two, Three, Four, Five and Six of the

25  superseding information.

G3g6lorp

1          Now, Mr. Lorenzo, the Probation Department is going to

2     eventually want to prepare a presentence report and they will

3     want to interview you in connection with that.

4          Mr. Bieber, would you like to be present?

5          MR. BIEBER:  Absolutely, yes.

6          THE COURT:  Mr. Lorenzo, unless Mr. Bieber is present

7     that interview will not take place.  Now, if you decide to

8     speak to the Probation Department, make sure that anything you

9     tell them is truthful and accurate.  I am going to read the

10    report they prepare very carefully and it is important to me in

11    deciding what sentence I will impose.  You and your attorney,

12    Mr. Bieber, will have every right to comment on that report.

13    So if there are any errors in that, be sure that you mention it

14    to Mr. Bieber so that he can speak to the Probation Department

15    about that.

16         In light of the agreement that you have with the

17    government, we're going to set a control date for sentencing of

18    June 24th.  Now, again in light of the agreement, the

19    government's obligation to provide the Probation officer with

20    its factual statement will be held in abeyance until such time

21    as we set an actual sentencing date.

22         MR. BIEBER:  Excuse me, Judge.

23         THE COURT:  Yes.

24         MR. BIEBER:  I am out of the country then.  I

25    understand it is just a control date.  Can we set it for July

G3g6lorp

1    or should we leave that?

2              THE COURT:  We can put it in July.

3              Ms. Williams.

4              THE COURT:  Off the record for a second.

5              (Discussion off the record)

6              MR. BIEBER:  I am actually back the following week,

7    Wednesday or Thursday.

8              THE COURT:  We'll make it July 8th.

9              MR. BIEBER:  Thank you, Judge.

10             THE COURT:  With regard to any sentencing submissions,

11   I direct the parties to my individual rules with regard to

12   that.  Typically I require the defense submission two weeks

13   prior to sentencing and the government's one week prior to

14   sentencing.

15             Is there anything else that we need to deal with

16   today?

17             MS. ECHENBERG:  Nothing from the government.

18             THE COURT:  Mr. Bieber?

19             MR. BIEBER:  No, Judge.

20             THE COURT:  We stand adjourned.

21                              o0o

22

23

24

25