**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------X

UNITED STATES OF AMERICA,

vs.                                                  **SENTENCING MEMORANDUM**

                                                     **CASE NO.: 15-Cr-00706 (VSB)**

FRANCIS LORENZO, et al.,

        Defendant.

----------------------------------------------------------X

## DEFENDANT'S SENTENCING MEMORANDUM AND
## REQUEST FOR A REASONABLE SENTENCE

Defendant, **FRANCIS LORENZO ("Mr. Lorenzo")**, by and through undersigned counsel, files his Sentencing Memorandum and moves this Court, pursuant to 18 U.S.C. § 3553(a), U.S.S.G. § 3E1.1, and U.S.S.G. § 5H1.11, to impose a reasonable sentence, all facts and circumstances considered.

## I.      PROCEDURAL HISTORY

On April 27, 2017, a Superseding Information was filed against Mr. Lorenzo, charging him with one (1) count of conspiracy to pay and receive bribes and gratuities and to violate the Foreign Corrupt Practices Act ("FCPA") in violation of 18 U.S.C. § 371 (Count 1) , one (1) count of payment of bribes and gratuities in violation of 18 U.S.C. § 666(a)(2) (Count 2), one (1) count of solicitation and receipt of bribes and gratuities in violation of U.S.C. § 666(a)(1)(B) (Count 3),  one (1) count of violating the FCPA in violation of 15 U.S.C. § 78dd-2(a)(1)(A), 78dd-2(a)(3)(A), and 78dd-2(g)(2)(A) (Count 4), one (1) count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 5), one (1) count of money laundering in violation of 18 U.S.C. § 1956(a)(2)(A) (Count 6), one (1) count of subscribing to false and

fraudulent United States individual income tax returns in violation of 26 U.S.C. § 7206(1) (Count 7), and one (1) count of willfully failing to file reports of foreign bank and financial records in violation of 31 U.S.C. §§ 5314 and 5322(a) (Count 8). (D.E. 459).

On April 27, 2017, Mr. Lorenzo pled guilty to Counts 1–8 of the Superseding Indictment.

## II.    <u>INTRODUCTION</u>

Mr. Lorenzo understands that he has been charged with, and pled guilty to, serious Federal offenses.  As such, Mr. Lorenzo has taken full responsibility for his actions, and he expects to be held accountable for same.  However, we respectfully request this Court weigh the mitigating factors presented herein when fashioning an appropriate sentence that is fair and just to all affected parties. Accordingly, we request the Court exercise its discretion and grant Mr. Lorenzo a downward variance from the advisory sentencing guideline range of 108 to 135  months imprisonment on the following grounds: (1) Mr. Lorenzo's early cooperation and significant acceptance of responsibility; (2) Mr. Lorenzo's prior good works and charitable-related conduct; (3) and Mr. Lorenzo's low risk of recidivism.

Further, Mr. Lorenzo's punishment has, in a sense, already begun as he has suffered through the complete deterioration of his reputation as a respected United Nations Ambassador.  Mr. Lorenzo has been dealing with the public shaming associated with the innumerable news articles related to this case.  In addition and most importantly, Mr. Lorenzo will forever have to live with the pain, suffering, and embarrassment that he has brought to the Dominican Republic, the United States of America, his friends, family, and colleagues.

For the reasons stated <u>infra</u>, Mr. Lorenzo respectfully submits that, based on the facts and circumstances of his **individual case** and in light of factors enumerated in 18 U.S.C. § 3553(a), the appropriate sentence here is one of credit for time already served.

### III.   ADVISORY GUIDELINES CALCULATIONS

Mr. Lorenzo and the Government agree that, pursuant to U.S.S.G. § 2C1.1(a)(1), the base offense level in this case is twelve (12). (See Presentence Investigation Report "PSR" ¶ 108). Mr. Lorenzo and the Government also agree that Mr. Lorenzo's base offense level should be increased by two (2) levels pursuant to U.S.S.G. § 2C1.1(b)(1) because the offense involved more than one bribe.  (See PSR ¶ 109).  Because the bribes in the offense totaled more than $550,000, but not more than $1.500,000, Mr. Lorenzo and the Government also agree the base offense level should be increased by an additional fourteen (14) levels pursuant to U.S.S.G. § 2B1.1(b)(1)(H) and § 2C1.1(b)(3).   (See PSR ¶ 110).  Mr. Lorenzo and the Government agree another four (4)-level increase is warranted as the offense involved an elected public official pursuant to U.S.S.G. § 2C1.1(b)(3).  (See PSR ¶ 111). Finally, because Mr. Lorenzo was convicted under 18 U.S.C. § 1956, an additional two (2)-level increase is warranted pursuant to U.S.S.G. § 2S1.1(b)(2)(B). (See PSR ¶ 112). As such, Mr. Lorenzo and the Government agree the total adjusted offense level in the matter sub judice should be thirty-four (34). (See PSR ¶ 116).

Taking into consideration a two (2)-level reduction for Mr. Lorenzo's acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), (see PSR ¶ 118), and an additional one (1)-level reduction for Mr. Lorenzo's timely notification to authorities of his intent to plead guilty pursuant to U.S.S.G. § 3E1.1(b), (see PSR ¶ 119), Mr. Lorenzo and the Government agree that his total offense level is thirty-one (31), (see PSR ¶ 120).

Based upon a total offense level of 31 and a criminal history category of I, Mr. Lorenzo's advisory sentencing guideline range is 108 to 135 months.  (See PSR ¶ 172).

## IV.   <u>REQUEST FOR A REASONABLE SENTENCE</u>

As this Court well knows, "[t]he Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable."  <u>Nelson v. United States</u>, 555 U.S. 350, 352 (2009) (emphasis in original).  Moreover, unless otherwise prohibited by law, the Court "may consider, without limitation, any information concerning the background, character and conduct of [a] defendant."   U.S.S.G. § 1B1.4; <u>see also</u> 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

Pursuant to 18 U.S.C. § 3553(a), District Courts must impose sentences that are "sufficient, but not greater than necessary" to satisfy the purposes of sentencing set forth in § 3553(a)(2).  According to 18 U.S.C. § 3553(a), "in determining the particular sentence to be imposed[,]" the Court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A)   reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense;

(B)   provides adequate deterrence to criminal conduct;

(C)   protects the public from future crimes of the defendant; and

(D)   provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A)     the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

\*            \*            \*            \*

(5) any pertinent policy statement—

\*            \*            \*            \*

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)–(7).

For the reasons stated <u>infra</u>, Mr. Lorenzo respectfully asks this Court to focus on the principles pronounced by the United States Supreme Court and the factors set forth in 18 U.S.C. § 3553(a), and thereafter impose an appropriate sentence.

**A.     Mr. Lorenzo's Early Cooperation and Significant Acceptance of Responsibility**

Mr. Lorenzo is mindful that his advisory sentencing guideline range has been reduced (by 3 points) pursuant to U.S.S.G. § 3E1.1 based on his acceptance of responsibility.  However, we respectfully request the Court grant Mr. Lorenzo a further downward variance in light of his early, clear, useful (to the Government's prosecution) and comprehensive acceptance of responsibility. <u>See, e.g.</u>, <u>United States v. Nguyen</u>, 212 F. Supp. 2d 1008, 1031–32 (N.D. Iowa 2002) (noting that "extraordinary acceptance of responsibility . . . is an appropriate theory upon which to base a departure[,]" beyond a sentencing reduction pursuant to U.S.S.G. § 3E1.1).

"The purpose of the sentencing decrease for acceptance of responsibility is to reduce the burdens of trial to prosecutors, judges, victims, jurors, and witnesses by inducing defendants to plead guilty."  <u>United States v. Gonzalez</u>, 608 F.3d 1001, 1008 (7th Cir. 2010).  Mr. Lorenzo's

actions are fully consistent with the purpose of a sentencing decrease for acceptance of responsibility. Indeed, Mr. Lorenzo's immediate and thorough acceptance of responsibility avoided the need for the Government to expend any significant resources further investigating, prosecuting, and potentially trying this case against him.

It is undisputed that "Mr. Lorenzo's cooperation was an important part of the Government's successful prosecution of Ng." (D.E. 912 at 3). Mr. Lorenzo testified over the course of approximately eight (8) days in the trial of Co-Defendant, and his testimony provided a detailed look of how the overall scheme began and how it was directed over a period on five (5) years. (D.E. 912 at 3). It is also worth noting, in the course of Mr. Lorenzo's cooperation, he consistently took responsibility for his own misconduct. (D.E. 912 at 3). As acknowledged by the Government, Mr. Lorenzo's cooperation was both "highly significant and very useful." (D.E. 912 at 8). Further, Mr. Lorenzo's cooperation was not just effective, it was also timely. (D.E. 912 at 9). "[Mr.] Lorenzo began cooperating almost immediately after the court denied his motion to dismiss[1] the indictment on grounds of diplomatic immunity. This was sufficiently timely to make Lorenzo an effective cooperator as to Ng, Yin, and Ashe." (D.E. 912 at 9).

Further, in taking responsibility for his actions, Mr. Lorenzo has clearly demonstrated sincere remorse. See United States v. Fagan, 162 F.3d 1280, 1284-85 (10th Cir. 1998) (noting "a sentencing court may depart downward if it finds that remorse is present to an exceptional degree"). Mr. Lorenzo has made every effort possible to assist law enforcement with prosecuting this case as well as assisting in additional "matters," which will be discussed in greater detail at Sentencing. As such, Mr. Lorenzo respectfully requests this Court recognize that his conduct is sufficient to warrant an additional downward variance for early and extraordinary acceptance of responsibility.

---

[1] This motion to dismiss was solely based on legal grounds presenting an issue of first impression. (D.E. 115–116).

**B.**     **Mr. Lorenzo's Prior Good Works and Charitable-Related Conduct**

Mr. Lorenzo is mindful that, under U.S.S.G. § 5H1.11, "[c]ivic, charitable, or public service; employment-related contributions; and similar prior good works are not ordinarily relevant in determining whether a departure is warranted."  However, pursuant to 18 U.S.C. § 3553(a)(1), the Court must consider "the history and characteristics of the defendant" when determining a reasonable sentence and, thus, may depart and/or vary based upon the defendant's history of good deeds and charitable acts.  See United States v. Rioux, 97 F.3d 648, 663 (2nd Cir. 1996) (affirming the District Court's downward departure based on, inter alia, charitable conduct); United States v. Rouhani, 598 Fed. App'x 626, 631 (11th Cir. 2015) (affirming the District Court's downward variance based upon the defendant's "history of trying to be a good citizen and doing good deeds") (unpublished); United States v. Thurston, 544 F.3d 22, 26 (1st Cir. 2008) (affirming a District Court's variance from five (5) years imprisonment to three (3) months imprisonment based on, inter alia, the defendant's "charitable work, community service, generosity with time, and spiritual support and assistance to others");  United States v. Cooper, 394 F.3d 172 (3d Cir. 2005) (affirming a four (4)-level downward departure and sentencing the defendant to probation); United States v. Serafini, 233 F.3d 758, 773 (3d Cir. 2000) (affirming a three (3)-level downward departure based on the community and charitable services that the defendant, an elected official, had provided throughout his life); United States v. Jones, 158 F.3d 492 (10th Cir. 1998) (departing downward three (3) levels after considering the defendant's history of community service); United States v. Greene, 249 F. Supp. 2d 262 (S.D.N.Y. 2003); United States v. Bennett, 9 F. Supp. 2d 513 (E.D. Pa. 1998) (departing from 232 months to 92 months based on the defendant's civic and charitable good deeds).  Thus, Mr. Lorenzo's extraordinary good character and charitable-related conduct can and should be considered by this Court during sentencing.

Here, a downward variance under U.S.S.G. § 5H1.11 is warranted as Mr. Lorenzo has shown an extraordinary willingness to give back to others and has dedicated his life to public service. Mr. Lorenzo's service has no geographical barriers and has undoubtedly had a positive impact on the lives people in the Dominican Republic, the United States, and abroad.

Mr. Lorenzo was the Deputy Ambassador for the Dominican Republic to the United Nations. While this title is noble, it still does adequately reflect the service-centered life that Mr. Lorenzo has lived. In 2000, Mr. Lorenzo established the United Nations Association in the Dominican Republic. The primary focus of the organization was to promote the value and principle of the United Nations and highlight the importance of education and technology as a tool for sustainable development.

Beyond establishing the United Nations Association in the Dominican Republic, Mr. Lorenzo also served at various times as the organization's president as well as its vice president. It is important to note that Mr. Lorenzo started this organization for no personal benefit to himself, but rather to serve the people of the Dominican Republic. After creating the United Nations Association in the Dominican Republic, Mr. Lorenzo spent much of his time empowering youth around the globe and raising awareness around issues pertaining to education, people with disability, the elderly, and health care—specifically, Mr. Lorenzo spent a considerable amount of time raising awareness and funds to combat the proliferation of HIV/AIDS. Most recently, Mr. Lorenzo has been working with several organizations in the area of health to bring awareness at the national and regional level about the importance of cancer prevention to save lives.

For his good works, Mr. Lorenzo has been recognized at the international, national, regional, and state levels. Below please find a non-exhaustive list of awards received by Mr. Lorenzo:

| Honor | Awarding Body | Year |
|---|---|---|
| International Achievement Award | Morris County Hispanic-American Chamber of Commerce | 2016 |
| Joint Legislative Resolution Commending Mr. Lorenzo on Receiving the International Achievement Award[2] | Senate and General Assembly of the State of New Jersey | 2016 |
| Peace Through Education Award[3] | Montessori Model United Nations | 2016 |
| Award of Recognition[4] | National Council for the Dominican Communities Oversea CONDEX | 2013 |
| Humanitarian Award[5] | Covenant House California | 2012 |
| Certificate of Commendation[6] | Morris County Prosecutor's Office | 2010 |
| Government Advocate of the Year Award | Morris County Hispanic-American Chamber of Commerce | 2010 |
| Joint Legislative Commendation[7] | Senate and General Assembly of the State of New Jersey | 2010 |
| Certificate of Recognition[8] | Timothy Dougherty, Mayor of Morristown, New Jersey | 2010 |
| Citation Commending Mr. Lorenzo on Receiving the Government Advocate of the Year[9] | Rodney Procter Frelinghuysen, United States House Representative | 2010 |
| Senate Commendation[10] | Anthony R. Bucco, New Jersey Senator | 2009 |

---

[2] Exhibit A.
[3] Exhibit B.
[4] Exhibit C.
[5] Exhibit D.
[6] Exhibit E.
[7] Exhibit F.
[8] Exhibit G.
[9] Exhibit H.
[10] Exhibit I.

| Honorary Son of Sosua[11] | Ayuntamiento de Sosua | 2009 |
|---|---|---|

While the above list does not contain all of the awards and accolades achieved by Mr. Lorenzo, the list does demonstrate the wide network of individuals reached through his service. Mr. Lorenzo's prior good works and charitable-related conduct clearly shows that, other than this critical lapse in judgment, he is a truly good person who is dedicated to not only serving, but bettering the world around him both here in the United States and abroad.

Similarly, Mr. Lorenzo submits, for the Court's consideration, six (6) letters from friends and former colleagues of Mr. Lorenzo all of which further demonstrate Mr. Lorenzo's outstanding character, dedication to service, and commitment to positively impacting the world on a global and local scale.  (Exhibit K).

Considering his lifetime commitment to charity and providing service to various communities, Mr. Lorenzo respectfully asks this Court to vary below the guideline range.

**C.      Mr. Lorenzo's Low Risk of Recidivism**

Pursuant to 18 U.S.C. § 3553(a)(2)(B)–(C), in fashioning an appropriate sentence, the Court must consider the need for the sentence to "afford adequate deterrence to criminal conduct[,]" and "to protect the public from further crimes of the defendant[.]"  18 U.S.C. § 3553(a)(2)(B)–(C).  As such, Mr. Lorenzo respectfully asks this Court to vary downward from the advisory guidelines range due to his low risk of recidivism.

The United States Supreme Court has recognized that a defendant's likelihood to engage in future criminal conduct is a central factor that courts must assess when imposing a sentence. Pepper v. United States, 562 U.S. 476 (2011) (citing 18 U.S.C. §§ 3553(a)(2)(B)–(C)); Gall v. United States, 552 U.S. 38, 59 (2007) ("Gall's self-motivated rehabilitation . . . lends strong

---

[11] Exhibit J.

support to the conclusion that imprisonment was not necessary to deter Gall from engaging in future criminal conduct or to protect the public from his future criminal acts."). Similarly, Federal Courts have approved of granting downward variances based on a defendant's low risk of recidivism. See United States v. Monetti, 705 Fed. App'x 865, 869 (11th Cir. 2017) (noting the District Court granted the defendant a downward variance, in part, based on his low risk of recidivism) (unpublished); see also United States v. Campbell, 762 Fed. App'x 877, 879 (11th Cir. 2019) (noting that the District Court's "44-month downward variance reflected the [C]ourt's consideration of Campbell's characteristics (including his age, low risk of recidivism, and family relationship) and of the seriousness of his criminal history[]") (unpublished).

Though Mr. Lorenzo has experienced challenges in life, he has always strived to be an upstanding citizen. His life story is one of hard-work in constant pursuit of the "American Dream." The actions which led to his guilty plea in the matter sub judice were temporary lapses in judgment that are not indicative of the person—Francis Lorenzo.

Mr. Lorenzo was born on June 23, 1967, in Santo Domingo, Dominican Republic. Mr. Lorenzo is one of five children born to Andres Lorenzo and Elubardina Suero. Mr. Lorenzo was raised by his parents in Santo Domingo until 1980. In 1980, his father immigrated to the United States to seek better economic opportunities. Mr. Lorenzo, his mother, and his siblings stayed behind in Santo Domingo until January 26, 1985, when Mr. Lorenzo immigrated to the United States. Mr. Lorenzo received legal residency upon arriving in the United States based on his father's sponsorship with immigration officials. The transition to the United States was not easy for Mr. Lorenzo. As his father's work was unpredictable at times, Mr. Lorenzo experienced financial hardships. Rather than succumbing to the hardships, he pushed forward and began to build a "life" of his own. From 1985 through 2017, Mr. Lorenzo held employment positions that

varied from being a teacher's aide at an elementary school to being a phlebotomist at a local medical center to ultimately becoming the Deputy Ambassador for the government of the Dominican Republic to the United Nations.  Mr. Lorenzo's success did not come without hard work, sacrifice, and constant dedication to serving those around him.

Mr. Lorenzo, now fifty-two (52) years of age has led an otherwise law-abiding life, but for the conduct which has brought him before this Court.  It is both just, reasonable, and appropriate to consider Mr. Lorenzo's age when determining his likelihood of recidivism because, as this Court has noted, "[t]his Court and others have previously declined to impose Guidelines sentences on defendants who, like [the defendant], [a]re over the age of forty at the time of sentencing on the grounds that such defendants exhibit markedly lower rates of recidivism in comparison to younger defendants."  United States v. Ruiz, No. 04-CR-1146-03 (RWS), 2006 WL 1311982 at *4 (S.D.N.Y. 2006) (imposing a sentence of 135 months where his Guideline range for imprisonment was 188 to 235 months) (unpublished); see also United States v. Nellum, No. 2:04-CR-30-PS, 2005 WL 300073, at *8–9 (N.D. Ind. Feb. 3, 2005) (quoting U.S.S.C. Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, at *12) (unpublished).  This Court's reasoning in Ruiz is consistent with the research conducted by the United States Sentencing Commission, which has repeatedly found a significant inverse correlation between recidivism rates and defendants' ages.  See U.S. Sentencing Comm'n, Measuring Recidivism: The Criminal History Computation Of The Federal Sentencing Guidelines, at *28 (2004); see also U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among Federal Offenders, at *10 (2017).

According to the research, as a fifty-eight (52)-year-old man with criminal history score of 0, Mr. Lorenzo has a 6.2% likelihood of recidivism.  See U.S. Sentencing Comm'n, Measuring

Recidivism: The Criminal History Computation Of The Federal Sentencing Guidelines, at *28 (2004).   However, based on Mr. Lorenzo's lack of criminal history, clear demonstration of resource, and successful career, we respectfully submit that the true likelihood of recidivism here is as close to 0% as an individual can be.   Mr. Lorenzo respectfully requests this Court acknowledge that his minimal risk of recidivism warrants the issuance of a downward variance.

## V.   **CONCLUSION**

In order to impose a reasonable sentence, this Court should consider the factors of 18 U.S.C. § 3553 and the specific facts surrounding the instant case.   The mitigating factors raised above are not meant in any way to detract from Mr. Lorenzo's full acceptance of his responsibility, but rather to provide the Court with a detailed explanation of the context for Mr. Lorenzo's life, which in many ways contributed to his conduct sub judice.   For the reasons set forth above, a downward variance is warranted in Mr. Lorenzo's case, and justice will be fairly tempered by this Court's understanding and application of our judicial system's respect for mercy in an appropriate case.   Without a doubt, considering the guidelines, this is the appropriate case.

**WHEREFORE**, Defendant, **FRANCIS LORENZO**, prays that this Honorable Court will impose a reasonable sentence which will be "sufficient, but not greater than necessary" to achieve the goals enunciated in 18 U.S.C. § 3553(a).

Respectfully submitted,

**GRAY ROBINSON, P.A.**
333 S.E. 2nd Avenue
Suite 3200
Miami, Florida  33131
Telephone #: (305) 416-6880
Facsimile #:  (305) 416-6887
Attorney for Defendant Lorenzo
Brian.Bieber@gray-robinson.com

Dated: October 29, 2019                    By: s/Brian H. Bieber
                                           BRIAN H. BIEBER

14

# EXHIBIT A



# State of New Jersey

## THE SENATE AND GENERAL ASSEMBLY
### STATE HOUSE, TRENTON, N.J.

### JOINT LEGISLATIVE RESOLUTION

By Senators KEAN, BUCCO, OROHO, PENNACCHIO and CODEY,
Assemblyman BRAMNICK, Assemblywoman MUNOZ, Assemblymen BUCCO
And CARROLL, Assemblywoman PHOEBUS, Assemblyman SPACE,
Assemblywoman DeCROCE, Assemblyman WEBBER, Assemblywoman JASEY
And Assemblyman McKEON

**WHEREAS,** The Senate and General Assembly of the State of New Jersey are pleased to salute and commend Ambassador Francis Lorenzo, a highly esteemed member of his community, who will be honored by the Morris County Hispanic-American Chamber of Commerce as the recipient of the International Achievement Award during the Annual Awards Holiday Gala at Birchwood Manor in Whippany on December 1, 2016; and,

**WHEREAS,** This prestigious accolade is being bestowed upon Ambassador Francis Lorenzo in grateful recognition of his exemplary and steadfast dedication to the mission and ideals of the Morris County Hispanic-American Chamber of Commerce, as well as the community-at-large; and,

**WHEREAS,** A tireless advocate of international Hispanic business opportunities, Ambassador Francis Lorenzo has spearheaded numerous praiseworthy initiatives that have fostered invaluable public-private partnerships, promoted competitiveness, and encouraged sustainable development goals; and,

**WHEREAS,** The strength and success of the State of New Jersey, the vitality of its communities, and the effectiveness of our American society depend, in great measure, upon concerned and devoted citizens, exemplified by Ambassador Francis Lorenzo; and,

**WHEREAS,** Within all spheres, Ambassador Francis Lorenzo has established a model to emulate and set a standard of excellence toward which others might strive; now, therefore,

*Be It Resolved by the Senate and General Assembly of the State of New Jersey:*

That this Legislature hereby honors Ambassador Francis Lorenzo, joins in paying tribute to his meritorious record of service and commitment, and extends best wishes for continued success in all future endeavors; and,

*Be It Further Resolved,* That a duly authenticated copy of this resolution, signed by the Senate President and the Assembly Speaker and attested by the Senate Secretary and the Assembly Clerk, be transmitted to Ambassador Francis Lorenzo.

Attest:





Jennifer A. McQuaid
Secretary of the Senate

Dana M. Burley
Clerk of the General Assembly

*President of the Senate*

*Speaker of the General Assembly*

# EXHIBIT B



*Inspiring youth*
—to—
*create a better world*

## MMUN
## *Peace Through Education*

# H.E. Francis Lorenzo

*"Establishing lasting peace is the work of education; all politics can do is keep us out of war." - Maria Montessori*

*In recognition and appreciation of your 10 years of unwavering support for growing the minds, developing the global perspectives and accelerating peace education of your students through participation in Montessori Model United Nations, we salute and thank you.*

*Judith Cunningham*

Presented this 9th day of March, 2016 at the MMUN NYC Conference
Judith Cunningham, Executive Director

# EXHIBIT C





## PRESIDENCIA DE LA REPUBLICA DOMINICANA
### Consejo Nacional Para las Comunidades Dominicanas en el Exterior
### CONDEX

Otorga el Presente reconocimiento al:

# *Sr. Francis Lorenzo*

## Ambassador/President South South News

Por su valioso y destacado aporte a las

Comunidades Dominicanas en el Exterior

y a las actividades  desarrolladas por

nuestra institucion.

Dado en Santo Domingo, República Dominicana,
a los 27 días del mes de septiembre de 2013.

# EXHIBIT D



*Humanitarian Award*

Presented to

H.E. Ambassador Francis Lorenzo

*In recognition of your extraordinary humanitarian
efforts benefitting youth across the globe*

*by*

COVENANT HOUSE CALIFORNIA
Annual Awards Dinner June 7, 2012

# EXHIBIT E



# Morris County Prosecutor's Office

# Certificate of Commendation

*is presented to*

# Ambassador Francis Lorenzo

*In recognition of your exceptional service to the community, outstanding contributions through leadership, professional achievement and continued commitment and dedication to civic and community organizations. We extend sincere best wishes for your continued success.*

*Robert A. Bianchi, Esq.*
Robert A. Bianchi, Esq.
Morris County Prosecutor

*Thomas A. Zelante, Esq.*
Thomas A. Zelante, Esq.
First Assistant Prosecutor

*William Schievella*
William Schievella
Chief of Investigations

# EXHIBIT F



### State of New Jersey

STATE HOUSE, TRENTON, N.J.

**JOINT LEGISLATIVE COMMENDATION**

By Senator CHRISTOPHER "KIP" BATEMAN and Assemblyman PETER J. BIONDI
and Assemblywoman DENISE M. COYLE

**WHEREAS,** Senator Christopher "Kip" Bateman and General Assembly Members
Peter J. Biondi and Denise M. Coyle, as the duly elected representatives of the
16th Legislative District, are pleased to honor and congratulate

### Ambassador Francis Lorenzo

Upon being honored by the Morris County Hispanic American Chamber of
Commerce with the award of

**Government Advocate of the Year**

**WHEREAS,** Ambassador Francis Lorenzo is being recognized by the Morris County
Hispanic American Chamber of Commerce as Government Advocate of the
Year during their Annual Award Luncheon on June the Tenth of the year Two-
Thousand and Ten; and,

**WHEREAS,** Ambassador Francis Lorenzo serves the Hispanic community of Morris
County and the nation by promoting and representing the ideals of
understanding and peace as an ambassador with the United Nations; and,

**WHEREAS,** the Morris County Hispanic American Chamber of Commerce, who
serves the need of the U.S. Hispanic-American community in Morris County
and its surrounding areas, does so honor Ambassador Francis Lorenzo,

*Be It Known To All That The Undersigned Hereby Honor:*

### Ambassador Francis Lorenzo

CHRISTOPHER BATEMAN
*Senator*

PETER J. BIONDI
*Member of the General Assembly*

DENISE M. COYLE
*Member of the General Assembly*

# EXHIBIT G

## *Certificate of Recognition*

Ambassador Francis Lorenzo will be presented with the Government Advocate of the Year Award at the 2010 Annual Morris County Hispanic American-Chamber of Commerce (MCHACC) Awards Luncheon on Thursday, June 10, 2010. Ambassador Lorenzo is the Deputy Permanent Representative to the United Nations (UN) and focal point at the Dominican Mission to the UN. He is a unique Ambassador who has made many significant contributions while advocating for the Hispanic Chamber and Hispanic-owned businesses internationally. He has traveled to Colombia, Puerto Rico, Canada, and the Dominican Republic representing the MCHACC with great pride and dedication.

As the Mayor of the Town of Morristown, I, Timothy Dougherty wish to recognize Ambassador Francis Lorenzo on receiving this prestigious award.

Timothy P. Dougherty
June 10, 2010

# EXHIBIT H

# United States House of Representatives

## Citation

### Ambassador Francis Lorenzo

Is hereby congratulated for being selected as this year's recipient of the Goverment Advocate of the Year award from the Morris County Hispanic-American Chamber of Commerce (MCHACC). He is recognized for his efforts as the Deputy Permanent Representative to the United Nations advocating on behalf of the Hispanic chamber and Hispanic-owned businesses internationally. He is to be commended for his representation of the MCHACC family. May his actions serve as an inspiration to others.

**RODNEY P. FRELINGHUYSEN**
*Member of Congress*
*11th District - New Jersey*

June 10, 2010

DATE

# EXHIBIT I



## State of New Jersey

STATE HOUSE   TRENTON, N J

### SENATE COMMENDATION
By Senator ANTHONY R. BUCCO

**WHEREAS,** Senator Anthony R. Bucco, as the duly elected representative of the 25th Legislative District, is pleased to honor and congratulate

Ambassador Francis Lorenzo

*Be It Known To All That The Undersigned Hereby Honors:*

Ambassador Francis Lorenzo

Deputy Permanent Representative to the
United Nations of the Dominican Republic

in recognition of his exemplary history of service and achievement in behalf of the global community-at-large; and,

**WHEREAS,** Throughout his distinguished career, he has served his fellow citizens with dedication and a commitment to excellence, especially as the Founder of the United Nations Millennium Development Goals; and,

**WHEREAS,** By continually demonstrating an interest in helping others, he has earned the respect and admiration of all who know of his endeavors, and has set a standard toward which others might strive; and,

**WHEREAS,** It is altogether proper and fitting for the New Jersey Senate to recognize this individual as a man of outstanding character and exceptional determination; now, therefore,

*Be It Known To All That the Undersigned Hereby Honors:*

Ambassador Francis Lorenzo

as an outstanding individual, pays tribute to a meritorious record of service, leadership, and commitment, and extends sincere best wishes.

July 28, 2009

**ANTHONY R. BUCCO**
*Senator*

# EXHIBIT J



# EXHIBIT K



**Permanent Mission of the Dominican Republic to the United Nations**

New York, 26 August 2017

The Honorable Vernon S. Broderick
United States District Judge

Re: Francis Lorenzo

Dear Judge Broderick,

My name is Marcos Montilla, I am currently writing you this letter in my personal capacity however, I am the Ambassador Deputy Permanent Representative of the Dominican Republic to the United Nations.

I have known Ambassador Francis Lorenzo for the past 10 years. I met him at the Permanent Mission of the Dominican Republic to the UN. The time that we have been working together issues related to the second committee. Ambassador Lorenzo's contribution was crucial to the success of our delegation in the participation in said committee. His commitment towards the fight against poverty has made him recognize and always highlight the importance of education and information in communication technology as a tool for sustainable development.

I understand that Mr. Lorenzo has pleaded guilty to some criminal offenses. Nevertheless, I have a great respect for Ambassador Lorenzo in light of his good heart to help people in need and to deal with personal relations among all colleagues of the Permanent Mission and other diplomats, members of the civil society organizations and the private sector from different countries. I strongly believe that incarceration will have a serious and adverse effect on him and his family. I am fully convinced that Ambassador Lorenzo would never knowingly or unknowingly get himself involved in this kind of situation ever again.

Please accept Honorable Judge Broderick the assurance of my highest consideration,

Sincerely yours,

Ambassador Mr. Marcos Montilla

**Candidate to the Security Council 2019-2020**



**Permanent Mission of the Dominican Republic to the United Nations**

New York, 26 August 2017

The Honorable Vernon S. Broderick
United States District Judge
        Re: Francis Lorenzo

Dear Judge Broderick,

My name is Francisco Antonio Cortorreal. I am currently writing you this letter in my personal capacity however, I am the Ambassador of the Dominican Republic to the United Nations since 2004 and Permanent Representative of the Dominican Republic to the United Nations since April 16, 2014.

I have known Amb. Lorenzo for the past 13 years. I met him at the Permanent Mission of the Dominican Republic while he represented our country in the Second Committee of the United Nations General Assembly and Vice-President of the Commission of the Status of Women. This was an opportunity for me to get to know him as diplomat colleague and as a friend. Since then, I have had a very good references from him based on the support that he provided to several Member States and civil society organizations in a variety of international issues, such as south-south cooperation, globalization, Millennium Development Goals, information and communication technology and several others topics related to the Second Committee's agenda that are relevant for the interest of my country.

I understand that Mr. Lorenzo has pled guilty to some criminal offenses which he has accepted and has taken responsibility over them.

Nevertheless, I admired Amb. Lorenzo in light of his good heart to help people in need and to deal with personal relations among all colleagues of the Permanent Mission and other diplomats, members of the civil society organizations and the private sector from different countries. In this regard, I firmly believe that incarceration will have a serious and adverse effect on him and his family. I am fully convinced that Amb. Lorenzo would never knowingly or unknowingly get himself involved in this kind of situation ever again.

Please accept Honorable Judge Broderick the assurance of my highest consideration,

Sincerely yours,

Ambassador Mr. Francisco Antonio Cortorreal
Permanent Representative of the Dominican Republic
to the United Nations

**Candidate to the Security Council 2019-2020**

# Madelyn Rodriguez

New York, September 13, 2017

The Honorable Vernon S. Broderick
United States District Judge

Re: Francis Lorenzo

Dear Judge Broderick,

My name is Madelyn Rodriguez; I'm an Evangelist, Christian author, and journalist. I
have known Ambassador Francis Lorenzo for over 10 years. I met him at an event at the
United Nations as an Ambassador of the Dominican Republic to the U.N. Throughout
the years he has been a great mentor to me and someone who I respect and look up to
for his kindness to help others. During the time I worked for him as an assistant he was
always supportive on the book that I wrote titled "The Stairways to Heaven: How God
speaks through dreams, visions, and revelations." It was an achievement I accomplished
thanks to the support of Mr. Lorenzo.

Ambassador Lorenzo explained to me about the count that he pleaded guilty and the
criminal offense, however I have to say that Amb. Lorenzo is a man of God who
believes in doing good. I often go to his house to pray with brothers and sisters of my
church, and he has also attended several services at my congregation.

I believe that incarceration will have a serious and adverse effect on him and his family.
Mr. Lorenzo has committed himself to Christ and plans to serve the Lord at church, he
is a man with a contrite and humble heart who has repented of all wrong doing. Mr.
Lorenzo has established a relationship with Jesus through Bible reading, prayer and
attending church services.

Sincerely yours,

Madelyn Rodriguez
Evangelist, Author, and Journalist

**Hope M. Field**

October 23, 2017

The Honorable Vernon S. Broderick
United States District Judge

Re: Ambassador Francis Lorenzo

Dear Judge Broderick,

This letter is to serve as my formal representation of Ambassador Francis Lorenzo's good moral character. I have had the pleasure of knowing Ambassador Lorenzo for 10 years through the Morris County Hispanic-American Chamber of Commerce (MCHACC) in New Jersey in which I am currently the Chairwomen of the Board of Directors. Ambassador Lorenzo serves on the Corporate Advisory Council and has been instrumental in providing guidance and helping the MCHACC expand its corporate social responsibility programs.

Ambassador Lorenzo has an excellent reputation for his work with the United Nations, Chamber, corporate, and business communities. Under the leadership of Ambassador Lorenzo, we conducted a mission to the Dominican Republic to bring vitamins to hospitals for pregnant women suffering from malnutrition. He also was part of the MCHACC delegation tasked with bringing healthcare supplies, toiletries, clothes and toys to an orphanage and participating in meetings regarding corporate and social responsibility in Colombia.

For the time I have known Ambassador Lorenzo, I have always considered him to be a very honest, kind, and hard working person. I think so highly of Ambassador Lorenzo that when offered the opportunity to work for him in New York City, I eagerly took the position. I learned a great deal from Ambassador Lorenzo during my tenure with him. Through his passion and influence, he was able bring awareness to high level, influential figures regarding global development. He has forever helped to positively change lives across the world.

Ambassador Lorenzo confided in me regarding the criminal offenses in which he pleaded guilty. Despite this situation, I admire him for his kindness in helping people in need. In addition, his capacity to build personal relationships and partnerships has enabled him to network with colleagues of the Permanent Mission, diplomats, members of civil society organizations, and the private sector from different countries. In this regard, I firmly believe that incarceration will have a serious and adverse effect on him, his family, and his work. I am fully convinced that Ambassador Lorenzo would never get himself involved in this kind of situation ever again.

Please accept, Honorable Judge Broderick, the assurance of my highest consideration.

Sincerely yours,

Hope M. Field
Chairwoman
Morris County Hispanic-American Chamber of Commerce



*Inspiring youth*
*to*
*create a better world*

New York, September 6, 2017

The Honorable Vernon S. Broderick
United States District Judge

     Re: Francis Lorenzo

Dear Judge Broderick,

My name is Michael Jacobson. I am writing this letter in support of Ambassador Francis Lorenzo and I am the Chairman of Montessori Model UN.

I have known Amb. Lorenzo for the past 12 years when Montessori schools was hosting a reception for teachers at the United nations and Amb. Lorenzo became interested in learning about the work of the Montessori schools. When I explained to him about our work at all the schools that we have and our interest in international affairs, Amb Lorenzo asked if Montessori had Model UN, I said no and that is when he said that since he believes so much in the program he was going to help Montessori to create its own model UN. It was Amb Lorenzo's kindness and time and dedication that made possible for Montessori to have Model UN. Today more than 50 thousand students have participated in the program and the experience that they have gone through, has been very useful for our students to understand international diplomacy and how to use diplomacy to achieve peace

Amb. Lorenzo told me about the criminal offenses to which he pleaded guilty. However, I look up to him very much for the personal support he. Made for MMUN and our students, his kindness to help people in need and to deal with personal relations among all colleagues of the Permanent Mission and other diplomats, members of the civil society organizations and the private sector from different countries. In this regard, I firmly believe that incarceration will have a serious and adverse effect on him and his family. I am fully convinced that Amb. Lorenzo would never knowingly or unknowingly get himself involved in this kind of situation ever again.

Please feel free to contact me if you have any questions. He gave MMUN years of support without asking for anything in return.

Please accept Honorable Judge Broderick the assurance of my highest consideration,

Sincerely yours,

Michael Jacobson
Executive Director of Montessori Model UN

# RAIZA DE LA CRUZ

New York, 9 September 2017

The Honorable Vernon S. Broderick
United States District Judge

Re: Francis Lorenzo

Dear Judge Broderick,

My name is Raiza Delacruz. I'm a teacher assistant at a public school here in New York and I'm writing this letter to certified that I have known Amb Francis Lorenzo for the past 12 years. I have been grateful for all the support that he has given to my daughter Kiara in getting into Manhattan College. Today Kiara is a graduate student with a degree in Finance.

Ambassador Lorenzo has explained to me that he pleaded guilty to some criminal offenses. This action reflects Ambassador's recognition of his mistakes. A person with good heart who is always willing to help other.

I believe that incarceration will devastate him and his family. As a mother of a daughter who is doing great in her life and society Kiara and I have a lot to thanks Ambassador Lorenzo. Knowing him for a long time he is a good human being, I am fully convinced that he would never get involved in this kind of situation ever again.

Sincerely yours,

Raiza de la Cruz